IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| LAZARO D. BORRERO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. CIV-17-1185-HE |
| | ) | |
| FEDERAL BUREAU OF PRISONS, | ) | |
| | ) | |
| Defendant. | ) | |

REPORT AND RECOMMENDATION

Plaintiff, a federal prisoner appearing *pro se*, brings this civil action pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971).[1] The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B).

Plaintiff is presently confined at the Federal Transfer Center in Oklahoma City, Oklahoma. Plaintiff is serving a federal sentence entered in the United States District Court for the District of Minnesota. In his Complaint filed October 30, 2017 (Doc. # 1), Plaintiff alleges that federal prison officials are unlawfully confining him

---

[1]Although Plaintiff filed his initial pleading on the form for a 28 U.S.C. § 2241 federal habeas action, he is a federal prisoner seeking relief for allegedly unconstitutional actions/omissions occurring during his confinement. Accordingly, the cause of action is construed as one seeking relief under Bivens. See Correctional Servs. Corp. v. Malesko, 534 U.S. 61, 70 (2001)("The purpose of Bivens is to deter individual federal officers from committing constitutional violations.").

1

at the Federal Transfer Center. He alleges that on August 18, 2017, officials at the Bureau of Prisons Sentencing Computation and Security Designation office advised his unit manager that he was being transferred from the Federal Correctional Complex in Beaumont, Texas, where he was then confined, to the federal correctional institution in Milan, Michigan. Plaintiff alleges that on August 22, 2017, he was transported from the Beaumont facility to the Federal Transfer Center in Oklahoma City. However, Plaintiff alleges that after he arrived at the Federal Transfer Center he was advised by officials at the Federal Transfer Center that officials at the Bureau of Prisons Sentencing Computation and Security Designation office had reassigned him for transfer back to the Beaumont facility.

Plaintiff alleges that the Bureau of Prisons officials' transfer decisions have violated his due process liberty interests and equal protection rights, and that the decisions constituted unconstitutional retaliation for his previous lawsuits.

With his Complaint, Plaintiff has filed a motion seeking leave to proceed *in forma pauperis* in this action pursuant to 28 U.S.C. § 1915. A search of the public records of federal courts on the PACER network reveals that Plaintiff is subject to the provisions of 28 U.S.C. § 1915(g) because he has filed numerous civil actions in other courts that have been dismissed as frivolous or for failure to state a viable claim for relief. See Borrero v. United States, 2010 WL 2539376 (D. Minn. 2010)(unpublished order)(finding 28 U.S.C. § 1915(g) applies to Plaintiff, denying

his motion for leave to proceed *in forma pauperis*, and dismissing action due to his failure to pay the filing fee); Borrero v. City of St. Paul, 2008 WL 5104216 (D. Minn. 2008)(unpublished order)(finding Plaintiff subject to "three strikes rule" set forth at 28 U.S.C. § 1915(g), denying his application for leave to proceed *in forma pauperis*, and dismissing action for failure to pay filing fee).

Consequently, Plaintiff may not proceed *in forma pauperis* in this action unless he shows he is in imminent danger of serious physical injury. 28 U.S.C. §1915(g). To satisfy the imminent-danger exception the litigant with three strikes must make "specific, credible allegations of imminent danger of serious physical harm." Hafed v. Fed. Bureau of Prisons, 635 F.3d 1172, 1179 (10th Cir. 2011)(quotations and citation omitted). "[V]ague and utterly conclusory assertions" of physical injuries are insufficient. White v. State of Colo., 157 F.3d 1226, 1231 (10th Cir. 1998). "Allegations of past harm do not suffice; the harm must be imminent or occurring at the time the complaint is filed." Stine v. U.S. Fed. Bureau of Prisons, 465 Fed. App'x 790, 793 (10th Cir. 2012)(unpublished op.)(internal quotations and citation omitted).

In an apparent effort to evade the requirements of § 1915(g), Plaintiff has attempted to cast his action as one seeking federal habeas relief. Plaintiff has alleged only that he has been transferred to the Federal Transfer Center in Oklahoma City and that he has been advised he will be transferred to the federal correctional

facility in Beaumont, Texas, where he was previously confined. He has not credibly demonstrated he is under imminent danger of any harm, much less serious physical harm.

Accordingly, Plaintiff's Motion for Leave to Proceed In Forma Pauperis should be denied, and the action should be dismissed without prejudice unless Plaintiff pays the full $400.00 filing fee within twenty (20) days of this date.

## RECOMMENDATION

Based on the foregoing findings, it is recommended that Plaintiff's application seeking leave to proceed *in forma pauperis* (Doc. # 2) be DENIED and that the cause of action be DISMISSED without prejudice unless Plaintiff pays the full filing fee within twenty (20) days of this date. Plaintiff is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by November 29th, 2017, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The failure to timely object to this Report and Recommendation would waive appellate review of the recommended ruling. Moore v. United States, 950 F.2d 656 (10th Cir. 1991); cf. Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996)("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter, and any pending motion not

4

specifically addressed herein is denied.

ENTERED this ___9th___ day of ___November___, 2017.

*/s/ Gary M. Purcell*
GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE